Carlos Makoto Taitano, State Bar No. 275820
 makoto@taitano.us.com
MFPR Roppongi Azabudai Bldg. 11th Floor
1-8-7 Roppongi
Minato-ku, Tokyo 106-0032 Japan
Telephone:   81 80 8081 6527
Facsimile:    81 3 6234 1586

Attorney for Applicant
Medical Corporation Seishinkai

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of | ) |
| | ) Case Number: 21-mc-80160 |
| Medical Corporation Seishinkai, | ) |
| | ) ***EX PARTE* APPLICATION FOR AN** |
| Applicant. | ) **ORDER PURSUANT TO 28 U.S.C.** |
| | ) **§ 1782 AUTHORIZING DISCOVERY** |
| | ) **FOR USE IN FOREIGN** |
| | ) **PROCEEDINGS AND SUPPORTING** |
| | ) **MEMORANDUM** |
| | ) |

The Applicant Medical Corporation Seishinkai (the "**Clinic**") hereby makes this *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in foreign proceedings (this "**Application**"). This Application seeks limited discovery from Google LLC ("**Google**") and is supported by the supporting memorandum below and the Declarations of Katsuki Itose, Tomohiro Kanda, and Yoshie Katsurada filed concurrently herewith. The proposed order and the subpoena to be served on Google are attached to this Application as Exhibits A and B, respectively.

**SUPPORTING MEMORANDUM**

**I.   BACKGROUND**

The Clinic is a medical corporation organized and existing under the laws of Japan and *doing business as* Shinminato Itose Dental. Decl. Itose ¶ 2. The principal place of business of the Clinic is located at Shine Resort Beppu 2nd Floor, 5-1

Shinminatomachi, Beppu-shi, Ōita-ken 874-0923 Japan, and the Clinic is a dental clinic specializing in dental implants. *Id.* ¶¶ 3-4. Many prospective patients of the Clinic find and contact the Clinic by searching for the Clinic on the Google search engine. *Id.* ¶ 8. The Clinic maintains a business profile and appears on Google Maps. *Id.* ¶ 9. When prospective patients search for the Clinic on the Google search engine, the Google Maps business profile and reviews and ratings of the Clinic are displayed as search results. *Id.* ¶ 10.

Google Maps is an online map service operated by Google[1][2]. Google is a Delaware limited liability company with its principal office at 1600 Amphitheatre Parkway, Mountain View, California 94043. Decl. Kanda ¶ 5, Ex. 2. Internet users with a Google Account can write reviews and rate businesses that appear on Google Maps[3]. All Google Maps reviews are public so anyone can see what was written by a reviewer. *Id.* The reviewer's displayed name is the name that is listed in that user's Google Account. *Id.* Google Accounts are controlled by Google[4].

On October 25, 2020 at or about 14:59, Japan time, an anonymous individual, using the Google Account with the display name of "*Gonmafles*" ("ごんマフレス" in Japanese) (the "**First Google Account**"), posted a review of the Clinic to Google Maps and rated the Clinic with a one-star rating (the "**First Subject Review**"). Decl. Itose ¶¶ 11-12, Ex. 1 at 1; Decl. Katsurada ¶ 4, Ex. B at 1 (English translation of the First

---

[1] Google LLC, *Terms of Service* (March 31, 2020), https://policies.google.com/terms?hl=en-US (Maps a service of Google LLC).
[2] Google LLC, *Google Maps/Google Earth Additional Terms of Service* (March 31, 2020), https://www.google.com/help/terms_maps/ (to use Google Maps, you must accept Google LLC's Terms of Service)
[3] Google LLC, *Write reviews and add ratings of places*, Google Maps Help, https://support.google.com/maps/answer/6230175?co=GENIE.Platform%3DDesktop&hl=en (last visited July 6, 2021)
[4] Google LLC, *Services that use Google's Terms of Service & their service-specific additional terms and policies*, https://policies.google.com/terms/service-specific?hl=en-US (last visited July 6, 2021) (Terms of Service apply to Google Accounts, and services that are subject to Terms of Service are services of Google LLC).

Ex Parte Application of Medical Corporation Seishinkai

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Subject Review). On March 25, 2021 at or about 20:58, Japan time, an anonymous individual, using the Google Account with the display name of "*m ie*" (the "**Second Google Account**", and collectively with the First Google Account, the "**Subject Google Accounts**"), posted a review of the Clinic to Google Maps and rated the Clinic with a one-star rating (the "**Second Subject Review**", and collectively with the First Subject Review, the "**Subject Reviews**"). Decl. Itose ¶¶ 13-14, Ex. 1 at 2; Decl. Katsurada ¶ 4, Ex. B at 2 (English translation of the Second Subject Review). All of the anonymous individuals that posted the Subject Reviews using the Subject Google Accounts (the "**Anonymous Individuals**") pose as former or current patients of the Clinic in their respective posts. Decl. Itose ¶ 16. The Clinic has been unable to identify the true identities of the Anonymous Individuals. *Id.* ¶ 20.

The Subject Reviews are each unlawful and actionable under Japanese law, and were posted to harass, defame, and damage the Clinic, and have injured and continue to injure the Clinic by damaging the reputation of the Clinic, and by causing significant loss of business and financial damage to the Clinic. Decl. Kanda ¶¶ 7-16; Decl. Itose ¶¶ 18-19.

The Anonymous Individuals have committed a reputational tort pursuant to Articles 709 and 710 of the Civil Code of Japan by damaging the reputation of the Clinic, and the Clinic intends to file civil lawsuits against the Anonymous Individuals seeking damages. Decl. Itose ¶¶ 21, 23; Decl. Kanda ¶¶ 6-16. The Clinic has sufficient evidence to make out a prima facie case for a reputational tort pursuant to Articles 709 and 710, and the civil lawsuits will withstand a motion to dismiss in Japan. Decl. Kanda ¶ 17. However, to file the civil lawsuits, the true identities of the Anonymous Individuals are necessary. *Id.* ¶ 22; Decl. Itose ¶ 20.

As of July 6, 2021, the First Subject Review posted by the First Google Account is no longer appearing on Google Maps. Decl. Itose ¶ 22. However, the Second Subject Review posted by the Second Google Account continues to appear and damage the reputation of the Clinic. *Id.* As of July 2, 2021, the Second Google Account has changed

Ex Parte Application of Medical Corporation Seishinkai

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

its display name to "*m*". *Id.* ¶ 15. Regardless of the removal of the First Subject Review, the Clinic intends to file civil lawsuits against all of the Anonymous Individuals. *Id.* ¶ 23.

Therefore, the Clinic is seeking for this Court to authorize the Clinic to conduct limited discovery by serving a subpoena upon Google, which is located in this district, to discover personal identifying information that can be used to identify the true identities of the Anonymous Individuals. Decl. Kanda ¶ 31.

## II.    EX PARTE CONSIDERATION OF § 1782 APPLICATION

Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis, because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014). Consequently, orders granting § 1782 applications typically only provide that discovery is "authorized," and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte. In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Therefore, it is proper for this Court to consider this Application on an *ex parte* basis because adequate notice will be given to interested parties.

## III.    LEGAL STANDARD

Section 1782 permits district courts to authorize discovery where three requirements are satisfied: (1) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the application is made by a foreign or international tribunal or "any interested person."

Ex Parte Application of Medical Corporation Seishinkai

*Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a) (2018).

The Supreme Court in *Intel* identified four discretionary factors to be considered by a court when exercising its discretion to authorize discovery pursuant to a § 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (cleaned up) (*citing Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004))*.

The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist [in the United States]." *Id.* at 244 (brackets added).

A district court may order the production of documents or testimony for use in a foreign legal proceeding under § 1782 as long as the disclosure would not violate a legal privilege. *Id.* at 249.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts. *In re Ex Parte Application of Med. Inc. Ass'n Smile Create*, No. 19-mc-80230, 2019 WL 4933582, *2 (N.D. Cal. Oct. 7, 2019) (*citing Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

Ex Parte Application of Medical Corporation Seishinkai

IV.    **ARGUMENT**

    1.    **This Application Satisfies the Requirements of § 1782**

This Application meets all three requirements of § 1782.

    A.    Google "resides or is found" in this district

The first requirement is met, because Google "resides or is found" in this district because the principal office of Google is located in Mountain View, California, which is in this district. Decl. Kanda ¶ 5, Ex. 2.

    B.    The civil actions in Japan are within reasonable contemplation

To meet the second requirement, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Intel*, 542 U.S. at 259. Instead, all that is required by the statute is that a "future proceeding is 'within reasonable contemplation.'" *Id.* (holding that discovery was proper under § 1782 even though the applicant's complaint was still only in the investigative stage).

The second requirement is met, because the discovery sought is for purposes of civil lawsuits to be filed in Japan. Decl. Itose ¶¶ 21, 23-24; Decl. Kanda ¶ 6. Civil lawsuits in Japan are within reasonable contemplation because the Clinic intends to file the civil lawsuits to claim tort damages once the true identities of the Anonymous Individuals are ascertained. Decl. Itose ¶¶ 21, 23-24; Decl. Kanda ¶¶ 6, 17. The Clinic can still file the civil lawsuits because no statutory time limitations are applicable. Decl. Kanda ¶¶ 18-21.

    C.    The Clinic as a putative plaintiff is an interested person

The third requirement is met, because the Clinic, as a putative plaintiff, is an interested person. *See, e.g.*, Decl. Itose ¶¶ 21, 23-24; Decl. Kanda ¶ 6; *see Intel*, 542 U.S. at 256 (litigants are most common example of interested person).

Therefore, the Clinic has met all of the requirements of § 1782 and this Court can authorize discovery against Google.

//

//

//

Ex Parte Application of Medical Corporation Seishinkai

1

2

### 2. The Supreme Court's *Intel* Factors Strongly Favor Granting the Clinic's Application

3

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily

4

in favor of the Court granting the Clinic's request for discovery.

5

#### A. Google from whom discovery is sought is not a party in the foreign

6

proceedings

7

The first *Intel* factor is "whether the person from whom discovery is sought is a

8

participant in the foreign proceeding." *Intel*, 542 U.S. at 264. Under this factor, "the key

9

issue is whether the material is obtainable through the foreign proceeding." *In re Ex*

10

*Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048, 2016 WL 1161568, at *3

11

(N.D. Cal. Mar. 24, 2016). This is so, because "nonparticipants in the foreign proceeding

12

may be outside the foreign tribunal's jurisdictional reach, hence, their evidence,

13

available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S.

14

at 264. Google will be a nonparticipant in the civil actions that will be initiated in Japan.

15

Decl. Kanda ¶ 23. Furthermore, Google is located in this district. *Id.* ¶ 5, Ex. 2. For the

16

foregoing reasons, Google is outside Japan's jurisdictional reach, and hence, evidence

17

available in the United States from Google is unobtainable by the Clinic absent § 1782(a)

18

aid. *Id.* ¶ 23; *see Intel*, 542 U.S. at 264. Therefore, this first factor weighs in favor of

19

permitting discovery.

20

#### B. Japanese courts are receptive to U.S. federal court judicial assistance and

21

the information sought.

22

The second *Intel* factor requires the Court to consider "the nature of the foreign

23

tribunal, the character of the proceedings underway abroad, and the receptivity of the

24

foreign government or the court or agency abroad to U.S. federal-court judicial

25

assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is

26

willing to consider the information sought." *In re Ex Parte Application Varian Med.*

27

*Sys. Int'l AG*, 2016 WL 1161568, at *4. Under this factor, "courts look for authoritative

28

proof that a foreign tribunal *would reject* evidence obtained with the aid of § 1782." *In*

Ex Parte Application of Medical Corporation Seishinkai

*re Application of Joint Stock Co. Raiffeisenbank*, No. 16-mc-80203, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016). In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782, courts tend to err on the side of permitting discovery. *See Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) (citation omitted). In the absence of evidence that a foreign court would object to the discovery of the information sought in the subpoena, or that a foreign court objects more generally to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing discovery. *See, e.g., In re Med. Corp. H&S*, No. 19-mc-80058, 2019 WL 1230440, at *3 (N.D. Cal. Mar. 15, 2019) (In the absence of evidence that Japanese courts would object to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing discovery).

There are no known restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance, and Japanese courts are receptive to assistance in discovery by U.S. federal courts, including for discovery of personal identifying information of individuals posting anonymous online reviews. Decl. Kanda ¶¶ 24-25. Furthermore, this Court in the past has granted § 1782 discovery for use in Japanese proceedings. *See, e.g., In re Med. Corp. H&S*, 2019 WL 1230440.

Because there is evidence showing that Japanese courts are receptive to U.S. federal court judicial assistance, and because there is nothing to show that Japanese courts would object to discovery of the information sought by this Application, this factor weighs in favor of authorizing discovery.

C.     Discovery sought through this Application is not an attempt to circumvent foreign proof-gathering procedures of the foreign tribunal

The third *Intel* factor is whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions." *In re Google Inc.*, No. 14-mc-80333,

Ex Parte Application of Medical Corporation Seishinkai

2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp.*, No. 18-mc-80041, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (third *Intel* factor weighs in favor of discovery where there is "no evidence" of an attempt to circumvent foreign proof gathering restrictions or policies).

The Clinic is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States. Decl. Kanda ¶ 26. Because there is nothing to suggest that the Clinic is attempting to circumvent foreign proof gather restrictions or policies, this factor weighs in favor of authorizing discovery.

D.      The discovery requested by the Clinic from Google is limited in scope and is seeking only relevant information

The fourth and final *Intel* factor is whether "the discovery requested is unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad "fishing expedition" for irrelevant information. *In re Ex Parte Applicate of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016).

The discovery sought by the Clinic is narrowly tailored and is not unduly intrusive or burdensome, because the Clinic is seeking discovery of only personal identifying information such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of personal identifying information such as access log for very limited periods of time. Decl. Kanda ¶¶ 27-31; *see In re Frontier Co., Ltd.*, 19-mc-80184, 2019 WL 3345348, at *5 (granting a § 1782 request to issue a subpoena for the name, address, email address, telephone number, and name and address on credit cards).

Additionally, the subpoena does not seek the content of any communications associated with the Subject Google Accounts in compliance with the Stored Communications Act, 18 U.S.C. § 2701 *et seq.. See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, No. C 12-80242, 2013 WL 256771 (discussing prohibitions of the Stored Communications Act).

Ex Parte Application of Medical Corporation Seishinkai

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For the foregoing reasons, the request by the Clinic is narrowly tailored, is seeking only relevant information, and is not unduly intrusive or burdensome, and therefore, this factor weighs in favor of authorizing discovery.

## VI.    CONCLUSION

In conclusion, the Clinic has met all of the requirements of § 1782, and all of the discretionary *Intel* factors weigh in favor of authorizing discovery. In light of the twin aims of § 1782 to provide efficient assistance to foreign litigants and to encourage foreign countries by example to provide similar assistance to U.S. courts, this Court should exercise its discretion to authorize discovery against Google so that the Clinic can conduct limited discovery to identify the Anonymous Individuals in order to file civil lawsuits in Japan.

Dated July 7, 2021.

_____/s/   Carlos Makoto Taitano_____
CARLOS MAKOTO TAITANO
Attorney for Applicant
Medical Corporation Seishinkai

Ex Parte Application of Medical Corporation Seishinkai

Carlos Makoto Taitano, State Bar No. 275820
 makoto@taitano.us.com
MFPR Roppongi Azabudai Bldg. 11th Floor
1-8-7 Roppongi
Minato-ku, Tokyo 106-0032 Japan
Telephone:    81 80 8081 6527
Facsimile:    81 3 6234 1586

Attorney for Applicant
Medical Corporation Seishinkai

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of ) | Case Number: 21-mc-80160 |
| Medical Corporation Seishinkai, ) | |
| ) | **[PROPOSED] ORDER GRANTING** |
| Applicant. ) | ***EX PARTE* APPLICATION FOR AN** |
| ) | **ORDER PURSUANT TO 28 U.S.C.** |
| ) | **§ 1782 PERMITTING DISCOVERY** |
| ) | **FOR USE IN FOREIGN** |
| ) | **PROCEEDINGS** |
| _____ ) | |

Having considered applicant Medical Corporation Seishinkai (the "**Clinic**")'s *ex parte* application for an order pursuant to 28 U.S.C. § 1782 permitting discovery for use in foreign proceedings,

IT IS HEREBY ORDERED that:

1.      The Clinic's application is GRANTED; and

2.      The Clinic may serve the subpoena attached hereto on Google LLC.

Dated: _____, 2021

By: _____
Magistrate Judge

Page **1** of **1**

[Proposed] Order

**Exhibit A**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Application of Medical Corporation Seishinkai | ) |
| ~~Plaintiff~~ Applicant | ) |
| ~~v.~~ | ) |
| | ) |
| | ) |
| ~~Defendant~~ | ) |

Civil Action No.   21-mc-80160

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Google LLC

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: By email to: makoto@taitano.us.com; or | Date and Time: |
|---|---|
| at: Warp9, c/o Carlos Makoto Taitano,<br>480 Clementina St., #A, San Francisco, CA 94103 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Medical Corporation Seishinkai _____ , who issues or requests this subpoena, are:
Carlos Makoto Taitano, MFPR Roppongi Azabudai Bldg. 11F, 1-8-7 Roppongi, Minato-ku, Tokyo 153-0053 Japan, makoto@taitano.us.com, +81-80-8081-6527

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit B

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  21-mc-80160

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit B

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B

**Attachment 1**

To: Google LLC

The Applicant Medical Corporation Seishinkai hereby requests that Google LLC ("you") produce to its attorney, Carlos Makoto Taitano, Esq., any and all of the DOCUMENTS described under the heading "II. REQUEST FOR PRODUCTION."

## I. DEFINITIONS

1.      The word "DOCUMENT" or "DOCUMENTS" means "documents," "electronically stored information," or "tangible things," as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered a separate DOCUMENT. A DOCUMENT that is "electronically stored information" shall be produced in portable document format (commonly known as "PDF") with Bates numbering and appropriate confidentiality designations, along with searchable metadata databases.

2.      The word "ACCOUNT 1" means the Google Account with the display name of "*Gonmafles*" ("ごんマフレス" in Japanese) that posted at:
https://www.google.com/maps/contrib/108582650574482037104/place/ChIJT7Co7tymRjURFyldVDigqrw/

and the profile of ACCOUNT 1 can be found at:
https://www.google.com/maps/contrib/108582650574482037104/reviews/

3.      The word "ACCOUNT 2" means the Google Account with the display name of "*m ie*" (as of July 6, 2021 the display name is "*m*") that posted at:
https://www.google.com/maps/contrib/114591942025818523716/place/ChIJT7Co7tymRjURFyldVDigqrw/

and the profile of ACCOUNT 2 can be found at:
https://www.google.com/maps/contrib/114591942025818523716/reviews/

5.      "ALL" means "each, any and all."

## II. REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**  ALL DOCUMENTS showing the following information ever registered with ACCOUNT 1:

      (i)      names;
      (ii)     physical, billing, shipping, or ALL other addresses;
      (iii)    recovery, authentication, or ALL other e-mail addresses;

Attachment 1 to AO 88B

**Exhibit B**

    (iv)     recovery, authentication, or ALL other telephone numbers;

    (v)      ALL names and addresses of ALL credit cards registered to ACCOUNT 1 (but not the credit card number, expiration date, or card validation code); and,

    (vi)     ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ACCOUNT 1.

**REQUEST FOR PRODUCTION NO. 2.**  ALL DOCUMENTS showing the following information as of the date that ACCOUNT 1 was created, and for the three-month period immediately preceding July 7, 2021 and until the date that you respond to this request: ALL access log and login history (dates, times, IP addresses, and type of accesses) of ACCOUNT 1.

**REQUEST FOR PRODUCTION NO. 3.**  ALL DOCUMENTS showing the following information ever registered with ALL Google Ads accounts or ALL other accounts that are controlled by you that ACCOUNT 1 has ever been used to login with (the "OTHER ACCOUNTS 1"):

    (i)      names;

    (ii)     physical, billing, shipping, or any other addresses;

    (iii)    recovery, authentication, or any other e-mail addresses;

    (iv)     recovery, authentication, or any other telephone numbers;

    (v)      ALL names and addresses of ALL credit cards registered to ALL of the OTHER ACCOUNTS 1 (but not the credit card number, expiration date, or card validation code);

    (vi)     ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL of the OTHER ACCOUNTS 1; and,

    (vii)   the type of ALL of the OTHER ACCOUNTS 1 (such as a Google Ads account).

**REQUEST FOR PRODUCTION NO. 4.**  ALL DOCUMENTS showing the following information as of the date that ALL of the OTHER ACCOUNTS 1 were created, and for the three-month period immediately preceding July 7, 2021 and until the date that you respond to this request: ALL access log and login history (dates, times, IP addresses, and type of accesses) of ALL of the OTHER ACCOUNTS 1.

**REQUEST FOR PRODUCTION NO. 5.**  ALL DOCUMENTS showing the following information ever registered with ACCOUNT 2:

    (vii)   names;

    (viii)  physical, billing, shipping, or ALL other addresses;

    (ix)    recovery, authentication, or ALL other e-mail addresses;

    (x)     recovery, authentication, or ALL other telephone numbers;

Attachment 1 to AO 88B

**Exhibit B**

(xi)  ALL names and addresses of ALL credit cards registered to ACCOUNT 2 (but not the credit card number, expiration date, or card validation code); and,

(xii) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ACCOUNT 2.

**REQUEST FOR PRODUCTION NO. 6.**  ALL DOCUMENTS showing the following information as of the date that ACCOUNT 2 was created, and for the three-month period immediately preceding July 7, 2021 and until the date that you respond to this request: ALL access log and login history (dates, times, IP addresses, and type of accesses) of ACCOUNT 2.

**REQUEST FOR PRODUCTION NO. 7.**  ALL DOCUMENTS showing the following information ever registered with ALL Google Ads accounts or ALL other accounts that are controlled by you that ACCOUNT 2 has ever been used to login with (the "OTHER ACCOUNTS 2"):

(viii)  names;

(ix)   physical, billing, shipping, or any other addresses;

(x)    recovery, authentication, or any other e-mail addresses;

(xi)   recovery, authentication, or any other telephone numbers;

(xii)  ALL names and addresses of ALL credit cards registered to ALL of the OTHER ACCOUNTS 2 (but not the credit card number, expiration date, or card validation code);

(xiii) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL of the OTHER ACCOUNTS 2; and,

(xiv)  the type of ALL of the OTHER ACCOUNTS 2 (such as a Google Ads account).

**REQUEST FOR PRODUCTION NO. 8.**  ALL DOCUMENTS showing the following information as of the date that ALL of the OTHER ACCOUNTS 2 were created, and for the three-month period immediately preceding July 7, 2021 and until the date that you respond to this request: ALL access log and login history (dates, times, IP addresses, and type of accesses) of ALL of the OTHER ACCOUNTS 2.

Attachment 1 to AO 88B

**Exhibit B**