UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MEDICAL CORPORATION SEISHINKAI,<br><br>Applicant. | Case No. 21-mc-80160-SVK<br><br>**ORDER ON *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>Re: Dkt. No. 1 |

Before the Court is the *ex parte* application of Medical Corporation Seishinkai ("Applicant") for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt. 1. Applicant operates a dental clinic under the name Shinminato Itose Dental in Japan. Dkt. 2 (Declaration of Katsuki Itose) ¶ 7. Applicant requests permission to subpoena information relating to the Google accounts of users who posted negative reviews and ratings on Applicant's Google Maps page. Dkt. 1 at 2-3. Applicant alleges that these statements are actionable as reputational torts under Japanese law. *Id.*; Dkt. 3 (Declaration of Tomohiro Kanda) ¶¶ 9-17.

The Court **GRANTS** Applicant's section 1782 application for the reasons and on the conditions discussed below.

**I.     BACKGROUND**

In October 2020 and March 2021, Google users posted one-star reviews and negative statements on the Google Maps page associated with Applicant. Dkt. 2 ¶¶ 11-17 and Ex. 1. Applicant asserts that it intends to bring a lawsuit in Japan against the people who control the Google Accounts that posted these reviews of Applicant as soon as their identities are ascertained. *Id.* ¶¶ 21, 24; Dkt. 3 ¶ 6. As a result, Applicant seeks discovery of the account users' identities by subpoena to Google.

## II. LEGAL STANDARD

A district court may order the production of documents or testimony for use in a foreign legal proceeding under 28 U.S.C. § 1782 as long as the disclosure would not violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004). An applicant may invoke the statute where (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." 28 U.S.C. § 1782(a).

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. Several factors guide the Court's decision on a section 1782(a) request:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;"

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

(3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264–65. The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *Id.* at 247, 261–63.

A district court's discretion is guided by the twin aims of section 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004).

Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis, since "parties will be given adequate notice of any discovery taken pursuant to the request and will

1  then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH &*
2  *Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of*
3  *Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15,
4  2010)) (internal quotation marks omitted). "Consequently, orders granting § 1782 applications
5  typically only provide that discovery is 'authorized,' and thus the opposing party may still raise
6  objections and exercise its due process rights by challenging the discovery after it is issued via a
7  motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex*
8  *parte*." *In re Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ,
9  2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

### III. DISCUSSION

#### A. Statutory Requirements

The application satisfies the statutory requirements of section 1782(a). First, the subpoena seeks discovery from Google, which is located in this District. Dkt. 3 ¶ 5. Second, Applicant requests this discovery for use in a civil action that it intends to file in Japan once it learns the identity of the Google account users responsible for the relevant postings. *Id.* ¶ 6. This proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, Applicant, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute.

#### B. *Intel* Factors

Although the application satisfies the statutory requirements, the Court must also determine whether judicial assistance is appropriate by considering the *Intel* factors.

##### 1. Participation of Target in the Foreign Proceeding

The first factor considers whether the person from whom discovery is sought is a party to

3

the foreign proceeding.  *Intel*, 542 U.S. at 247.  However, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotation marks and citation omitted).

According to the application, Google will not be a party to the civil action Applicant plans to bring in Japan.  Dkt. 3 ¶ 23. The documents Applicant seeks by subpoena are located in the United States, and Applicant contends that the evidence is thus outside the reach of a Japanese court's jurisdiction.  *Id.*  Under these circumstances, the Court finds that there is a need for assistance pursuant to section 1782, so this factor weighs in favor of permitting discovery

**2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance**

This factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.  "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4.  "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)).  Courts have denied requests for discovery where the foreign tribunal or government expressly states it does not want the assistance of a United States federal court under section 1782. *See, e.g., Schmitz*, 376 F.3d at 84-85 (affirming denial of section 1782 request where German government expressly objected to the information sought due to concerns it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte App. Of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where Korean Fair Trade Commission filed an amicus brief stating it had no need or use for requested discovery).

Here, Applicant represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States.  Dkt. 3 ¶ 25.  In the absence of evidence that Japanese courts would object to Applicant's discovery of the information sought in the subpoena,

or that Japanese courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

This Court must next consider whether Applicant's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (citation omitted). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

Applicant supports the application with the declaration of Mr. Kanda, an attorney for Applicant who is registered to practice in Japan. Dkt. 3 ¶ 1. Mr. Kanda states that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence Applicant seeks here. *Id.* ¶ 24. In the absence of contrary information regarding the procedures acceptable to a Japanese court for identifying the Google account-users, the Court concludes that this factor also weighs in favor of discovery.

### 4. Unduly Burdensome or Intrusive Discovery

Under the final factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Request Nos. 1-4 in Applicant's proposed subpoena to Google seek the following categories of documents with regard to "ACCOUNT 1," one of the two accounts at issue:

> **REQUEST FOR PRODUCTION NO. 1.** ALL DOCUMENTS showing the following information ever registered with ACCOUNT 1:
> (i)   names;
> (ii)  physical, billing, shipping, or ALL other addresses;
> (iii) recovery, authentication, or ALL other e-mail addresses;
> (iv) recovery, authentication, or ALL other telephone numbers;

    (v) ALL names and addresses of ALL credit cards registered to ACCOUNT 1 (but not the credit card number, expiration date, or card validation code); and,
    (vi) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ACCOUNT 1.

**REQUEST FOR PRODUCTION NO. 2.** ALL DOCUMENTS showing the following information as of the date that ACCOUNT 1 was created, and for the three-month period immediately preceding July 7, 2021 and until the date that you respond to this request: ALL access log and login history (dates, times, IP addresses, and type of accesses) of ACCOUNT 1.

**REQUEST FOR PRODUCTION NO. 3.** ALL DOCUMENTS showing the following information ever registered with ALL Google Ads accounts or ALL other accounts that are controlled by you that ACCOUNT 1 has ever been used to login with (the "OTHER ACCOUNTS 1"):
(i) names;
(ii) physical, billing, shipping, or any other addresses;
(iii) recovery, authentication, or any other e-mail addresses;
(iv) recovery, authentication, or any other telephone numbers;
    (v) ALL names and addresses of ALL credit cards registered to ALL of the OTHER ACCOUNTS 1 (but not the credit card number, expiration date, or card validation code);
    (vi) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL of the OTHER ACCOUNTS 1; and,
(vii) the type of ALL of the OTHER ACCOUNTS 1 (such as a Google Ads account).

**REQUEST FOR PRODUCTION NO. 4**. ALL DOCUMENTS showing the following information as of the date that ALL of the OTHER ACCOUNTS 1 were created, and for the three-month period immediately preceding July 7, 2021 and until the date that you respond to this request: ALL access log and login history (dates, times, IP addresses, and type of accesses) of ALL of the OTHER ACCOUNTS 1.

Ex. B to Dkt. 1. Request for Production Nos. 5-8 in the proposed subpoena seeks the same four categories of documents for "ACCOUNT 2," the other account at issue. *Id.*

        The subpoena appropriately does not seek the content of any communications associated with the accounts at issue. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*). Further, the subpoena seeks only the names and addresses of the person(s) whose credit card is associated with the Google accounts and does not seek disclosure of credit card numbers or any other sensitive information. *See In re Med. Corp.*

1  *H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting a
2  subpoena for account-user credit card information to the card holder's name and address).
3        Applicant does not state whether the information it seeks is confidential to the account
4  user(s) at issue, but the Court assumes that it is. The Court finds under the circumstances of this
5  case that Applicant has attempted to narrowly tailor the subpoena to seek only sufficient
6  information to identify the users of the two accounts at issue. First, the subpoena only seeks the
7  access log for the accounts as of the date of account creation and for the period of three months
8  before the present application was filed until the date Google responds, and Applicant has
9  demonstrated why the access log during those time periods is relevant and necessary. Ex. B to
10 Dkt. 1; Dkt. 3 ¶¶ 29-30. Similarly, Applicant has demonstrated why information about other
11 Google accounts associated with the accounts at issue is relevant and necessary. Dkt. 3 ¶ 28.
12 Second, the subpoena appropriately does not seek the content of any communications associated
13 with the accounts at issue. Ex. B to Dkt. 1; *see, e.g.*, *Optiver Australia Pty. Ltd. v. Tibra Trading*
14 *Pty. Ltd. & Ors.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of
15 the Stored Communications Act, 18 U.S.C. § 2701 et seq.). Third, the subpoena only seeks
16 disclosure of names, telephone numbers, and addresses of the person(s) whose credit card and
17 bank account is associated with each of the accounts and does not seek disclosure of credit card
18 numbers or any other sensitive information. Ex. B to Dkt. 1; *see In re Med. Corp. H&S*, No. 19-
19 MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting a subpoena for
20 account-user credit card information to the card holder's name and address).
21       Accordingly, subject to the requirements discussed below, the Court will permit Applicant
22 to serve the proposed subpoena on Google.
23 **IV.  CONCLUSION**
24       The application meets the statutory criteria for an order authorizing service of the proposed
25 subpoena. In addition, the factors that inform the Court's exercise of its discretion under *Intel*
26 favor authorizing service of the subpoena proposed by Applicant.
27       Accordingly, the Court authorizes service of the proposed subpoena on Google. This order
28 does not foreclose a motion to quash or modify the subpoena by Google following service or by

7

the Google account user(s) whose identifying information is sought, and the Court orders Applicant to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, Applicant must also serve a copy of this order on Google.
2. Within 10 calendar days of service of the subpoena and this order, Google shall notify each of the account users that their identifying information is sought by Applicant and shall serve a copy of this order on each such account user.
3. Google and/or each account user whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).
4. If any party contests the subpoena, Google shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest.
5. Any information Applicant obtains pursuant to the subpoena may be used only for purposes of the anticipated action in Japan, and Applicant may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**SO ORDERED.**

Dated: August 10, 2021

                                                                                            _____
SUSAN VAN KEULEN
United States Magistrate Judge